In the Matter of the Judicial Settlement of the Accounts of HARRY SHOLTES and Another, as Executors, etc., of CHARLES SHOLTES, Deceased.

Surrogate's Court, Schoharie County, July 8, 1929.

*Clyde H. Proper*, for the executors, petitioners.

BEEKMAN, S. In this proceeding, the petition asks for a decree of this court construing the will.

" a. The validity, construction and effect of the last will and testament of said decedent.

" b. The construction of the entire 3d clause of said will, and particularly the amount of moneys or bonds given to the trustees in trust for the benefit of Edna S. Mix and Marion Sholtes and their respective children.

" c. The amount of moneys or bonds given in trust to the trustees for the benefit of Edna S. Mix and her children under the 13th paragraph of said will.

" d. The amount of moneys or bonds given in trust to the trustees for the benefit of Marion Sholtes and her children in the 14th paragraph of said will."

The 3d, 13th and 14th paragraphs of the will, hereinafter referred to, are the particular portions of the will to which the court's attention is called for construction.

The 3d paragraph of the will begins: " *Third.* I give and bequeath

to my trustees hereinafter named, in trust, eight (8) One thousand Dollar ($1000.00) bonds, to receive the dividends thereon and the profits therefrom, and after defraying all taxes and other lawful charges upon same, to pay the net income thereof to the use of my wife, Hattie Sholtes, during her natural life, or so long as she shall remain my widow. Upon the death of my said wife, Hattie Sholtes, or her remarriage, I give and bequeath two of said bonds in this clause mentioned to my son, Arthur Sholtes. Upon the death or remarriage of my said wife, Hattie Sholtes, I give and bequeath two of said bonds in this clause mentioned to my son, Harry Sholtes. Upon the death or remarriage of my said wife, Hattie Sholtes, I give and bequeath to my trustees hereinafter named, in trust to receive the dividends and income therefrom, and after defraying all taxes and other lawful charges upon same, to pay the net income thereof to the use of my daughter, Edna S. Mix, during her life, and upon her death, I give and bequeath the same to her children equally, share and share alike. Upon the death or remarriage of my said wife, Hattie Sholtes, I give and bequeath to my trustees hereinafter named, in trust to receive the income and dividends therefrom, and after defraying all taxes and other lawful charges upon same, to pay the net income thereof to the use of my daughter, Marion Sholtes, during her life, and upon her death, I give and bequeath the same to her children equally, share and share alike."

It will be observed that upon the death of his wife, the testator bequeaths " two of said bonds in this clause mentioned " to his son Arthur Sholtes, and " two of said bonds in this clause mentioned " to his son Harry Sholtes; but the testator does not specifically state how many of the bonds are given to the trustees in trust to receive the income therefrom and pay the income to the use of his daughters Edna and Marion, and upon their respective deaths, how many are to go to their children. In the beginning of the 3d clause the will says " eight (8) One thousand Dollar bonds; " only four of them are bequeathed to his sons. Reading the whole clause together, and indeed reading the entire will, there can be no doubt that it was the testator's intention that Edna and Marion should each have the income of two $1,000 bonds or their equivalent, and that at their respective deaths the two $1,000 bonds or the equivalent should go to their respective children; that is, it was his intention to divide the eight $1,000 bonds or their equivalent into four equal parts, each part going as hereinabove indicated.

The discussion of the 13th and 14th paragraphs of the will may now be taken up. The 13th paragraph reads as follows: "*Thirteenth.*

Whereas, John J. Sholtes and I have heretofore given unto my daughter, Edna S. Mix, the use, dividends, income and profits of four (4) one thousand Dollar ($1000.00) Bonds and one (1) Five Hundred Dollar ($500.00) Bond during her natural life and upon her death said bonds or the moneys received upon payment thereof to be divided between the children of my said daughter Edna S. Mix, equally, share and share alike and having reserved the custody and control of said bonds during my life time and the right to appoint a trustee to succeed myself, now, therefore, I hereby appoint my executors and trustees hereinafter mentioned to succeed me and carry out the terms and conditions of said trust heretofore created, and I direct, authorize and empower my said executors and trustees hereinafter mentioned to safely keep the same, collect the dividends thereon and pay over the dividends, income and profits therefrom to my said daughter, Edna S. Mix, during her natural life and upon her death to divide the same into as many equal shares as my said daughter, Edna S. Mix shall have children her surviving and to pay to each of them one of said shares."

The 14th paragraph contains the same provision, except that the 14th paragraph begins as follows: " Whereas, John J. Sholtes and I have heretofore given unto my daughter, Marion Sholtes the use, dividends, income and profits of five (5) One Thousand Dollar ($1000.00) Bonds and one (1) Five Hundred Dollar ($500.00) Bond."

It will be noted that the testator refers to his father, John J. Sholtes, and he having " given " to Edna and Marion a certain number of bonds, and having " reserved the custody and control of the bonds  during my [his] life time," and the right to appoint a trustee to succeed himself to carry out the terms and conditions of the said trust heretofore created.  The petition herein alleges that the petitioners have been unable to find any evidence of any trust or trusts wherein and whereby the said John J. Sholtes and the testator have given to either Edna or Marion any bonds of any denomination for their respective use during their lives, as mentioned and referred to in the 13th and 14th clauses of the will, or any evidence that either Edna or Marion received any use, income or profits of any bonds mentioned in the 13th and 14th clauses. It is further alleged that John J. Sholtes, the father of the testator, died October 14, 1902, leaving a last will and testament, which has been duly admitted to probate in this court, wherein the said John J. Sholtes gave unto his widow the use of his entire estate during her natural life, and upon her death, the entire estate to his son, Charles Sholtes, the testator herein, and that no trusts of any kind

were created in or by the last will and testament of John J. Sholtes. It may be said parenthetically that, between the 3d and the 13th paragraphs of the will, the testator makes certain provisions for the use of certain real estate by his wife during her widowhood, and for her maintenance, and gives certain bequests and devises certain real estate. The 15th clause gives all the rest of his estate, both real and personal, to his sons, Arthur Sholtes and Harry Sholtes, share and share alike.

In naming his sons executors and trustees, his will authorizes and empowers them or their survivor or survivors, and successor or successors, or one of those who shall qualify and be executor and trustee, " to sell and transfer any or all of the aforesaid bonds or other securities, if in his or their discretion it shall seem expedient and for the best interests of my estate or said trust funds, and to collect the principal thereof as the same may become due, and to reinvest same in such securities as he or they may deem most advantageous and for the best interests of my estate or the said trusts herein created."

Recurring to the discussion of the 13th and 14th paragraphs and also to the 3d paragraph as to what the testator means and intends when he refers to the $1,000 bonds and the $500 bonds: The accounts on file show gross assets of about $53,000 personal, before the payment of the funeral and administration expenses, the accounts stating that the decedent left no debts unpaid. The assets consist of farming implements, bonds, shares of bank stock and shares in other corporations; bonds comprising the larger portion of the estate. There are no $500 bonds shown by the accounts. The testator's will is dated April 14, 1913, and he died on the 15th day of March, 1927. Many of the bonds in the estate are dated since the date of the will. It may be reasonably presumed that many of the bonds which he owned at the time of the execution of the will came due, and the proceeds were used to purchase other bonds, and probably some bonds were sold and the proceeds were reinvested in others.

The bonds held by him at the time of his death bore different rates of interest, from seven per cent down to four per cent, were of different maturities, the market value of some above par, and some below par. There is nothing in the accounts to show that he had invested moneys in certain bonds to preserve the identity of any particular trust fund.

Although the testator mentions a trust fund in an indefinite way, there is no proof of its being set up, established or constituted, and although he may have had some verbal understanding with his father that he should give certain amounts to certain children,

the property which is set forth in the accounts and in the inventory must be treated as the property of Charles Sholtes, the testator, to be disposed of according to the terms of the will. Neither in the 3d, 13th or 14th paragraphs are any particular bonds mentioned, further than describing them as $1,000 bonds or $500 bonds.

It is my opinion that the true construction of the 3d paragraph of the will is that $2,000 should be held in trust by the said executors and trustees, and kept safely invested, and the income paid to the testator's widow, during her natural life, or so long as she shall remain his widow, and upon her death the principal of the trust fund to be paid to his son Arthur; that $2,000 should be likewise held in trust and invested, and the income and profits paid to said widow during her natural life, or so long as she shall remain testator's widow, and upon her death the principal of the trust fund to be paid to his son Harry; that $2,000 should be likewise held in trust and invested and the income and profits paid to said widow during her natural life, or so long as she shall remain testator's widow, and upon her death the income and profits to be paid to Edna S. Mix during her life, and upon her death the principal of the trust fund to be paid to the persons entitled to same under said will; that $2,000 should be likewise held in trust and invested and the income and profits paid to said widow during her natural life, or so long as she shall remain testator's widow, and upon her death, the income and profits to be paid to Marion Sholtes during her life, and upon her death the principal of the trust fund to be paid to the persons entitled to same under said will.

The true construction of the 13th paragraph is that $4,500 shall be held in trust by said executors and trustees, and safely invested, and the income and profits therefrom paid to Edna S. Mix during her lifetime, and upon her death the principal of the trust fund to be paid to the persons entitled thereto under the terms of the will.

The true construction of the 14th paragraph of the will is that $5,500 shall be held in trust by said executors and trustees and safely invested, and the income and profits therefrom paid to Marion Sholtes during her natural life, and upon her death the principal of the trust fund to be paid over to the persons entitled thereto under the terms of said will.

Any other questions that may arise in the future as to the ultimate devolution of the estate or funds herein referred to, dependent upon future contingencies, are academic at this time and may be reserved for future consideration by this or any other court of competent jurisdiction.